**Wheyting HAMPE, Plaintiff— Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant— Appellee.**

No. 00–16766.

D.C. No. CV–98–2466–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2001 *.

Decided Nov. 8, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Plaintiff Wheyting Hampe asserts claims under Title VII, alleging discrimination, harassment, and retaliation on the part of her employer, the California Department of Corrections ("CDC"). The district court granted CDC's motion for summary judgment, finding that Hampe had failed to adduce sufficient evidence to make out her prima facie case under any of those theories. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Hampe argues that the district court erred in defining adverse employment action to exclude harassment and non-economic damages. However, the district court recognized that the condition of an "adverse employment action" may be satisfied by a broad array of actions and it did not require her to prove psychological damage or adverse economic action.

She also contends that the district court abused its discretion in rejecting her claim of continuing violations under Title VII. We disagree, because Hampe failed to provide sufficient evidence to raise a genuine issue as to the application of the continuing violations doctrine. *See Fielder v. UAL Corp.,* 218 F.3d 973, 987 (9th Cir.2000). It is not enough, as she maintains, for the other incidents to involve the same parties. The various incidents upon which she relies that occurred over a ten-year period do not reflect an ongoing employment practice, and there is no evidence that any were based on race or national origin. Accordingly, Hampe's Title VII claims must rest on the three incidents that the district court identified as allegedly having taken place within 300 days prior to Hampe's EEOC complaint. *See Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1473 (9th Cir.1989).

Hampe failed to make out her prima facie case of intentional discrimination, harassment, or retaliation based on the timely-alleged incidents, because she provided neither evidence nor analysis that would suggest that any of the alleged incidents amounted to adverse employment action, or was based on conduct or characteristics protected under Title VII. *See Chuang v. University of Cal. Davis, Bd. of Trustees,* 225 F.3d 1115, 1123–24 (9th Cir. 2000); *Ray v. Henderson,* 217 F.3d 1234, 1241 (9th Cir.2000). Nor did she present

evidence that similarly-situated employees received more favorable treatment. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

AFFIRMED.